IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| The Keith Haring Foundation, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>Colored Thumb Corp., and<br>Michael Rosen,<br><br>Defendant. | CIVIL ACTION FILE NUMBER:<br><br>13-CV-20830-MGC |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendants Colored Thumb Corp. ("Colored Thumb") and Michael Rosen ("Rosen") (collectively "Defendants") hereby file this Answer and Affirmative Defenses to Plaintiff's Complaint and state the following:

**ANSWER**

1. Paragraph 1 is a legal allegation that does not require a response.

2. Paragraph 2; without knowledge, therefore denied.

3. Paragraph 3 is denied.

4. Paragraph 4; without knowledge, therefore denied.

5. Paragraph 5; Defendants admit that Colored Thumb is a Florida Corporation. The remaining allegations are denied.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted for jurisdictional purposes only. Defendants deny that Plaintiff is entitled to any relief and/or monetary damages.

8. Paragraph 8 is admitted for jurisdictional purposes only. Defendants deny the factual allegations in this Paragraph and deny that Plaintiff is entitled to any relief and/or monetary damages.

9. Paragraph 9 is admitted for venue purposes only. Defendants deny that Plaintiff is entitled to any relief and/or monetary damages.

10. Paragraph 10; without knowledge, therefore denied.

11. Paragraph 11; without knowledge, therefore denied.

12. Paragraph 12; without knowledge, therefore denied.

13. Paragraph 13; without knowledge, therefore denied.

14. Paragraph 14; without knowledge, therefore denied.

15. Paragraph 15; Defendants admit that there was an event scheduled to take place between March 6-10, 2013 called "Haring Miami" at the Moore Building in Miami and that the website www.haringmiami.com pertained to the event. The website speaks for itself. The remaining allegations are denied and Defendants deny that Plaintiff is entitled to any relief and/or monetary damages as a result of Defendants' alleged actions.

16. Paragraph 16 is denied.

17. Paragraph 17; the Website and the Disclaimer speak for themselves. The remaining allegations are denied and Defendants deny that Plaintiff is entitled to any relief and/or monetary damages as a result of Defendants' alleged actions.

18. Paragraph 18; the Disclaimer speaks for itself. Defendants were without knowledge as to the remaining allegations, therefore denied.

19. Paragraph 19; Defendants are without knowledge as to Plaintiff's alleged

examination of the works, therefore denied.

20. Paragraph 20; the Catalog speaks for itself. The remaining allegations are denied.

21. Paragraph 21; without knowledge, therefore denied.

22. Paragraph 22; Defendants deny that the works at the show were for sale. Defendants are without knowledge as to the remaining allegations, therefore denied.

23. Paragraph 23; Defendants admit that there were acrylic works at the event. Defendants deny the remaining allegations.

24. Paragraph 24; without knowledge, therefore denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is not a factual allegation and it does not require a response.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is not a factual allegation and it does not require a response.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is not a factual allegation and it does not require a response.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is not a factual allegation and it does not require a response.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is not a factual allegation and it does not require a response.

56. Paragraph 56 is denied.

57. Paragraph 57 is not a factual allegation and it does not require a response.

58. Paragraph 58; without knowledge, therefore denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

Defendants deny Sections A-K of Plaintiff's prayer for relief on Pages 16-18 of the Complaint.

## AFFIRMATIVE DEFENSES

Discovery and investigation has revealed that one or more of the following defenses are or may become available to Defendants in this matter. Defendants therefore assert said defenses in order to preserve the right to assert them. Upon completion of discovery, and the facts warrant, Defendants may withdraw any of these defenses as may be appropriate. Further, Defendants reserve the right to amend their answer to allegations 1-62 of the Complaint and to assert additional defenses, counterclaims, cross-claims, third party claims and/or other claims and defenses as discovery proceeds. Further answering and by way of defenses, Defendants state the following:

Affirmative Defense No 1: The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

Affirmative Defense No. 2: The claims made in the Complaint are barred, in whole or in part, by the First Amendment right to free speech because the alleged use of the alleged marks was artistic, or non-commercial in nature.

Affirmative Defense No. 3: Defendants were not using the marks in a manner that was likely to cause confusion, or to cause mistake, or to deceive.

Affirmative Defense No. 4: The claims made in the Complaint are barred by the doctrines of latches or estoppel because upon information and belief Plaintiff has made implied representations that use of its alleged marks by others is acceptable.

Affirmative Defense No. 5: The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

Affirmative Defense No. 6: The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

Affirmative Defense No. 7: Defendants have not infringed any applicable trademarks under federal or state law.

Affirmative Defense No. 8: Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by Defendants.

Affirmative Defense No. 9: The claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

Affirmative Defense No. 10: Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

Affirmative Defense No. 11: The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

Affirmative Defense No. 12: Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of mootness.

Affirmative Defense No. 13:  Plaintiff's claims are barred or limited, in whole or in part, because Defendants did not have bad faith intent to profit from Plaintiff's alleged marks.

Affirmative Defense No. 14:  Defendants do not admit to infringement, however, if there was infringement, Plaintiff's claims are barred because any infringement was of "de minimis" use.

Affirmative Defense No. 15:  Defendants do not admit to infringement, however, if there was infringement, Plaintiff's claims are barred because any infringement was innocent.

Affirmative Defense No. 16:  Plaintiff's claims for any infringement as to trademark 3,122,922 is barred because Plaintiff abandoned the mark.

Affirmative Defense No. 17:  Plaintiff's claims and alleged damages are barred or limited, in whole or in part, because in accordance with the Digital Millennium Copyright Act, Defendants in good faith removed the artworks within 72 hours of notice by Plaintiff.

Affirmative Defense No. 18:  Plaintiff's claims in regard to the catalogue of works are barred or limited, in whole or in part, because the catalogue contained a proper disclosure or was not a type or in the nature of a book or other printed material capable of infringing upon trademark or copyright and such catalogue carried an adequate disclaimer minimizing any potential for damages or losses of the Plaintiff.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested in the Complaint against Defendants and tax all attorneys fees and costs (if any) against Plaintiff, together with such other and further relief as this Court deems just and proper.

Dated: May 31, 2013

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Counsel for Defendants*
Museum Tower, Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
    Herman J. Russomanno (Fla. Bar No. 240346)
    hrussomanno@russomanno.com
    Herman J. Russomanno III (Fla. Bar No. 21249)
    herman2@russomanno.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/  Herman J. Russomanno III