IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| The Keith Haring Foundation, Inc.<br><br>Plaintiffs,<br><br>    v.<br><br>Colored Thumb Corp., and<br>Michael Rosen,<br><br>Defendant. | CIVIL ACTION FILE NUMBER:<br><br>13-CV-20830-MGC |

**ANSWER AND AMENDED AFFIRMATIVE DEFENSES TO THE COMPLAINT**[1]

Defendants Colored Thumb Corp. ("Colored Thumb") and Michael Rosen ("Rosen") (collectively "Defendants") hereby file this Answer and Amended Affirmative Defenses to Plaintiff's Complaint and state the following:

**ANSWER**

1. Paragraph 1 is a legal allegation that does not require a response.

2. Paragraph 2; without knowledge, therefore denied.

3. Paragraph 3 is denied.

4. Paragraph 4; without knowledge, therefore denied.

5. Paragraph 5; Defendants admit that Colored Thumb is a Florida Corporation. The remaining allegations are denied.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted for jurisdictional purposes only. Defendants deny that

---

[1] Defendants are amending their Affirmative Defenses as a result of Plaintiff's Motion to Strike Defendants' Affirmative Defenses [DE 28] and per Defendants' Response to the Motion [DE 32].

Plaintiff is entitled to any relief and/or monetary damages.

8. Paragraph 8 is admitted for jurisdictional purposes only. Defendants deny the factual allegations in this Paragraph and deny that Plaintiff is entitled to any relief and/or monetary damages.

9. Paragraph 9 is admitted for venue purposes only. Defendants deny that Plaintiff is entitled to any relief and/or monetary damages.

10. Paragraph 10; without knowledge, therefore denied.

11. Paragraph 11; without knowledge, therefore denied.

12. Paragraph 12; without knowledge, therefore denied.

13. Paragraph 13; without knowledge, therefore denied.

14. Paragraph 14; without knowledge, therefore denied.

15. Paragraph 15; Defendants admit that there was an event scheduled to take place between March 6-10, 2013 called "Haring Miami" at the Moore Building in Miami and that the website www.haringmiami.com pertained to the event. The website speaks for itself. The remaining allegations are denied and Defendants deny that Plaintiff is entitled to any relief and/or monetary damages as a result of Defendants' alleged actions.

16. Paragraph 16 is denied.

17. Paragraph 17; the Website and the Disclaimer speak for themselves. The remaining allegations are denied and Defendants deny that Plaintiff is entitled to any relief and/or monetary damages as a result of Defendants' alleged actions.

18. Paragraph 18; the Disclaimer speaks for itself. Defendants were without knowledge as to the remaining allegations, therefore denied.

19. Paragraph 19; Defendants are without knowledge as to Plaintiff's alleged examination of the works, therefore denied.

20. Paragraph 20; the Catalog speaks for itself. The remaining allegations are denied.

21. Paragraph 21; without knowledge, therefore denied.

22. Paragraph 22; Defendants deny that the works at the show were for sale. Defendants are without knowledge as to the remaining allegations, therefore denied.

23. Paragraph 23; Defendants admit that there were acrylic works at the event. Defendants deny the remaining allegations.

24. Paragraph 24; without knowledge, therefore denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is not a factual allegation and it does not require a response.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is not a factual allegation and it does not require a response.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is not a factual allegation and it does not require a response.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is not a factual allegation and it does not require a response.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is not a factual allegation and it does not require a response.

56. Paragraph 56 is denied.

57. Paragraph 57 is not a factual allegation and it does not require a response.

58. Paragraph 58; without knowledge, therefore denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

Defendants deny Sections A-K of Plaintiff's prayer for relief on Pages 16-18 of the Complaint.

## **AMENDED AFFIRMATIVE DEFENSES**[2]

Discovery and investigation has revealed that one or more of the following defenses are or may become available to Defendants in this matter. Defendants therefore assert said defenses in order to preserve the right to assert them. Upon completion of discovery, and the facts warrant, Defendants may withdraw any of these defenses as may be appropriate. Further, Defendants reserve the right to amend their answer to allegations 1-62 of the Complaint and to assert additional defenses, counterclaims, cross-claims, third party claims and/or other claims and defenses as discovery proceeds. Further answering and by way of defenses, Defendants state the following:

Affirmative Defense No 1: The claims made in the Complaint are barred, in whole or in part, by the doctrines of: (i) fair use because the alleged use was for an art exhibition/education/comment and/or criticism of the artwork on display; and/or (ii) nominative fair use because Defendants did nothing to suggest sponsorship or endorsement by Plaintiff.

---

[2] Plaintiff's Motion to Strike Defendants' Affirmative Defenses [28] stated that Defendants needed to add facts to their Affirmative Defenses and thus, Defendants have added facts to the instant Amended Affirmative Defenses. Plaintiff's Motion also sought to strike Affirmative Defenses 3, 6-11, 13 and 15 subject to Defendants' May 31, 2013 Answer [DE 25] because Plaintiff believed they were denials and not defenses. Notwithstanding the fact that Defendants disagree with Plaintiff's position, Defendants have not included said defenses in the instant Amended Affirmative Defenses, and have re-numbered their defenses accordingly.

Defendants were not the owners of any of the artwork displayed at the Haring Miami exhibition and Mr. Rosen was assured by the owners of the artwork that the artwork was indeed authentic. Notwithstanding the same, disclaimers were displayed throughout the exhibition that specifically advised all attendees that there were no guarantees as to the authenticity of the works.

<u>Affirmative Defense No. 2</u>:   The claims made in the Complaint are barred, in whole or in part, by the First Amendment right to free speech because the alleged use of the alleged marks was for an art exhibition that was artistic and/or non-commercial in nature.  Notwithstanding the same, disclaimers were displayed throughout the exhibition that specifically advised all attendees that there were no guarantees as to the authenticity of the works.

<u>Affirmative Defense No. 3</u>:  The claims made in the Complaint are barred by the doctrines of latches or estoppel because upon Defendants' information and belief, Plaintiff has made implied representations that use of its alleged marks by others is acceptable.  Thus, Defendants believed that it would be acceptable to use the alleged marks at the Haring Miami exhibition for this reason and because any use by Defendants was fair use or nominative fair use and/or protected by the First Amendment right to free speech as stated above . And even if it was not acceptable to Plaintiff, Defendants were not the owners of any of the artwork displayed at the Haring Miami exhibition and Mr. Rosen was assured by the owners of the artwork that the artwork was indeed authentic.  Notwithstanding the same, disclaimers were displayed throughout the exhibition that specifically advised all attendees that there were no guarantees as to the authenticity of the works.

<u>Affirmative Defense No. 4</u>:   Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of mootness because Defendants (in good faith) voluntarily removed the artworks

in question the same day that Plaintiff filed its March 8, 2013 lawsuit and voluntarily agreed to the entry of an Agreed Restraining Order dated March 8, 2013 pertaining to the same. Thus, any alleged trademark/copyright violations ended March 8, 2013 and are now moot.

Affirmative Defense No. 5: Defendants do not admit to infringement, however, if there was infringement, Plaintiff's claims are barred because any infringement was of "de minimis" use. Disclaimers were displayed throughout the exhibition that specifically advised all attendees that there were no guarantees as to the authenticity of the works. Thus, the attendees were aware that the artwork may not have been authentic. Notwithstanding the same, Defendants (in good faith) voluntarily removed the artworks in question the same day that Plaintiff filed its March 8, 2013 lawsuit and voluntarily agreed to the entry of an Agreed Restraining Order dated March 8, 2013 pertaining to the same.

Affirmative Defense No. 6: Plaintiff's claims for any infringement as to trademark 3,122,922 is barred because according to Defendants' research into the marks Plaintiff abandoned this particular mark during the relevant time period of this matter.

Affirmative Defense No. 7: Plaintiff's claims and alleged damages are barred or limited, in whole or in part, because in accordance with the Digital Millennium Copyright Act, Defendants in good faith removed the artworks within 72 hours of notice by Plaintiff. In fact, Defendants (in good faith) voluntarily removed the artworks in question the same day that Plaintiff filed its March 8, 2013 lawsuit and voluntarily agreed to the entry of an Agreed Restraining Order dated March 8, 2013 pertaining to the same.

Affirmative Defense No. 8: Plaintiff's claims in regard to the catalogue of works are barred or limited, in whole or in part, because the catalogue contained a proper disclosure or was

7

not a type or in the nature of a book or other printed material capable of infringing upon trademark or copyright and such catalogue carried an adequate disclaimer minimizing any potential for damages or losses of the Plaintiff. In fact, disclaimers were displayed throughout the exhibition that specifically advised all attendees that there were no guarantees as to the authenticity of the works.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested in the Complaint against Defendants and tax all attorneys fees and costs (if any) against Plaintiff, together with such other and further relief as this Court deems just and proper.

Dated: July 25, 2013

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Counsel for Defendants*
Museum Tower, Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
Herman J. Russomanno (Fla. Bar No. 240346)
hrussomanno@russomanno.com
Robert J. Borrello (Fla Bar No. 764485)
rborrello@russomanno.com
Herman J. Russomanno III (Fla. Bar No. 21249)
herman2@russomanno.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/  Herman J. Russomanno III