UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CIV-20830-COOKE/TURNOFF

THE KEITH HARING FOUNDATION, INC.,

    Plaintiff,

vs.

COLORED THUMB CORP. and
MICHAEL ROSEN,

    Defendants.

**PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND
COMPEL THE PRODUCTION OF DOCUMENTS**

Plaintiff THE KEITH HARING FOUNDATION, INC. (the "Haring Foundation") moves, under Rule 37 of the Federal Rules of Civil Procedure, to compel the production of documents from Defendants COLORED THUMB CORP. and MICHAEL ROSEN ("Defendants") and states:

**INTRODUCTION**

1. This case involves the "Haring Miami" art show in which the Defendants promoted and displayed counterfeit art purportedly created by Keith Haring, the prominent American artist and social activist. The Haring Foundation, the owner of virtually all intellectual property rights relating to Keith Haring, filed a complaint asserting causes of action for trademark infringement, trademark dilution, copyright infringement, false advertising, cybersquatting, and false designation of origin and sought injunctive and monetary relief.

2. On June 5, 2013, the Haring Foundation served basic document requests related to the Haring Foundation's claims and Defendants' answer and affirmative defenses. The Haring

Foundation's First Request for Production of Documents is attached as Exhibit A.

3. On July 22, 2013, after agreed extensions of time, Defendants served their Responses to Plaintiff's First Request for Production, which were littered with boilerplate objections. Defendants' responses and objections are attached hereto as Exhibit B. Despite the many boilerplate objections, after communications between counsel, Defendants produced several tranches of documents. Around that time, Defendant's prior counsel, Herman Russomanno, withdrew from this case and was replaced by Scott Margules. From the Defendants' rolling production, it became evident that certain documents were still being withheld, and Plaintiff inquired regarding whether those missing documents would be produced. On September 20, 2013, Defendants indicated in writing that they were withholding two categories of documents (described below); this motion relates solely to those categories.[1]

4. Despite several meet and confer conferences, where some progress was made, the parties have been unable to resolve their disputes concerning these two categories: (i) documents in the Defendants' possession relating to the provenance of the art that was exhibited at Haring Miami; and (ii) documents reflecting the persons to whom the Defendants marketed Haring Miami and documents reflecting who attended Haring Miami. Each is addressed below.

## SPECIFIC OBJECTIONS

**1.   Provenance Documents**

**Request:**   8. All documents concerning the authenticity of any artwork solicited, offered or considered for exhibition or exhibited at Haring Miami.

**Objection:**   8. Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without

---

[1] In the event that additional documents are found to have been withheld, Plaintiff reserves the right to seek additional relief through motion practice.

2

>       waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

**Grounds for Objection:**       Attorney-client privilege.

**Reasons for Motion:**

Defendants (or, more accurately, Defendants' lawyers) have acknowledged that they have in their possession certain documents reflecting the Haring Miami art's "provenance" – the "history of ownership of a valued object or work of art or literature" – which is critical in determining the art's authenticity.  See De Sole v. Knoedler Gallery, LLC, 2013 WL 5452669, at *2 (S.D.N.Y. Sept. 30, 2013).  Defendants indicate that these documents were provided to Defendants' prior counsel, Herman Russomanno, III, by Liz Bilinski, one of the owners of the art exhibited at Haring Miami.  According to Defendants, Bilinski gave copies of these provenance documents to Mr. Russomanno when Bilinski visited Mr. Russomanno's office with Defendants when this case was filed in March 2013.  Defendants have nevertheless refused to produce these indisputably relevant documents due to a purported claim of privilege: Bilinski claims that they were provided to Mr. Russomanno "in confidence" and that, as a result, they are supposedly protected by the attorney-client privilege.

When the court's jurisdiction is predicated on federal law, federal common law governs the scope and applicability of privileges.  Hancock v. Hobbs, 967 F.2d 462, 467 (11th Cir. 1992).  The burden of proving the applicability of the attorney-client privilege lies with the party asserting the privilege.  Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003), reh'g denied, 77 Fed. App'x 510 (11th Cir. 2003), and cert. dismissed, 540 U.S. 1158 (2004).  Establishing that information is protected by the attorney-client privilege requires a showing that:

>   (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a

>court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

In re Grand Jury Proceedings 88-9 (MIA), 899 F.2d 1039, 1042 (11th Cir. 1990). Documents given to an attorney that were not prepared for purposes of providing legal advice, however, are not protected by the attorney-client privilege. See Fisher v. U.S., 425 U.S. 391, 403-04 (1976) ("This Court and the lower courts have thus uniformly held that pre-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client to obtain more informed legal advice."); Gould, Inc. v. Mitsui Mining & Smelting Co., 825 F.2d 676, 679-80 (2d Cir. 1987) ("[D]ocuments received by [a law firm] from its clients, which would not be privileged if they remained in the clients' hands, would not acquire protection merely because they were transferred to [the law firm].").

Here, Defendants' refusal to produce the provenance based on a purported privilege is unsupportable for several reasons.[2] First, Mr. Russomanno flatly contradicted the suggestion that Bilinski is or ever was his client. (Dale Decl. ¶ 4.)[3] Indeed, he made clear to Bilinski at the time of their meeting that she was not his client and made a point to exclude her from his conversations with his clients, the Defendants. (Dale Decl. ¶ 5.) Bilinski cannot now claim to have had an attorney-client relationship simply to avoid the production of critical documents.

---

[2] Despite the many boilerplate objections stated in response to Request No. 8, Defendants have stood by only their objection based on purported privilege.

[3] The Declaration of Margaret Dale is attached as Exhibit C.

4

Second, even if Mr. Russomanno and Bilinski had an attorney-client relationship, the law is clear that providing pre-existing documents to an attorney does not cloak those documents with the privilege. Fisher, 425 U.S. at 403-04; Gould, 825 F.2d at 679-80.

In sum, Defendants have not met their burden in proving the application of the attorney-client privilege, and thus the provenance documents must be produced.

**2.    E-mail Lists and Sign-In Books**

**Request:**    20. All e-mail lists or sign-in books collected at Haring Miami.

**Objection:**    20. Defendants object to this request because it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.

**Grounds for Objection:**    Trade secret.

**Reasons for Motion:**

To determine the identities of the people who received promotional information about and attended Haring Miami, the Haring Foundation requested Defendants' e-mail lists and sign-in books from the exhibition. Although Defendants produced a typewritten list of "contacts that Haring [sic] has been emailed to," Defendants have refused to produce the actual e-mail lists and sign-in books, claiming that this information somehow constitutes a "trade secret."

Defendants' conclusory objections do not articulate how the names and e-mail addresses of potential witnesses constitute "trade secrets." But even if such information did constitute a trade secret, the information remains highly relevant and thus subject to disclosure. As a general matter, there is no true "privilege" against discovery of trade secrets or other confidential business information. U.S. v. United Fruit Co., 410 F.2d 553, 556 (5th Cir. 1969) (quoting 4 MOORE'S FEDERAL PRACTICE pp. 2519-20 (2d ed. 1961)). That is, the fact that a document reveals a trade secret does not, by itself, make the request objectionable. Federal Open Market

5

Comm. of Federal Reserve Sys. v. Merrill, 443 U.S. 340, 362 (1979).  Nevertheless, federal courts will sometimes limit the unnecessary disclosure of such information, like when the dispute is between competitors.  United Fruit Co., 410 F.2d at 556; Fed. R. Civ. P. 26(c)(7).  But even legitimate trade secrets are required to be produced when necessary for the prosecution of the action.  See Centurion Indus., Inc. v. Warren Steurer and Assoc., 665 F.2d 323, 326 (10th Cir. 1981); Carder Prod., Inc. v. Eversharp, Inc., 360 F.2d 868, 872 (7th Cir. 1966).  The person resisting discovery bears the burden of establishing that the information sought is a trade secret and that its disclosure might be harmful.  Centurion Indus., 665 F.2d at 325.

Here, even if the requested information did constitute trade secrets, which it does not, Defendants have come nowhere close to meeting their burden.  At no point has it been suggested that the Haring Foundation and Defendants are competitors such that a protective order or other limitation would be appropriate in this situation.  Nevertheless, the Haring Foundation has agreed to enter into a confidentiality order in virtually the exact form proposed by Defendants, but Defendants have delayed in executing their own agreement, opting instead to stand by their boilerplate objections and withhold critical evidence.  Defendants should be compelled to produce this information immediately.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter an order (1) overruling Defendants' objections to the document requests noted above; (2) compelling Defendants to produce the two categories of documents noted above; and (3) awarding Plaintiff its reasonable expenses incurred in bringing this motion.

## CERTIFICATION PURSUANT TO S.D. FLA. L.R. 7.1.A.3

Plaintiff's counsel hereby certifies that, on September 11, September 16, and September 30, 2013, he conferred with counsel for Defendants in a good faith effort to resolve the issues raised herein but that the parties have been unable to do so.

Date: October 11, 2013

Respectfully submitted,

**PROSKAUER ROSE LLP**
*Attorneys for Plaintiff*
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone:   (561) 241-7400
Facsimile:    (561) 241-7145

*/s/ Andrew Thomson*
Matthew Triggs
Florida Bar No. 865745
mtriggs@proskauer.com
Andrew B. Thomson
Florida Bar No. 057672
athomson@proskauer.com

- and -

Sarah S. Gold
(admitted *pro hac vice*)
Margaret A. Dale
(admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              /s/ Andrew Thomson
                              Andrew B. Thomson

**SERVICE LIST**

CASE NO. 13-CIV-20830-COOKE

**Scott Margules, Esq.**
Law Offices of Scott Margules, P.A.
20801 Biscayne Blvd., Suite 303
Aventura, Florida 33180
Telephone: (305) 933-8933
Facsimile: (305) 933-0334
*Via Notice of Electronic Filing*