# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CIV-20830-COOKE-TURNOFF

THE KEITH HARING FOUNDATION, INC.,

    Plaintiff,

vs.

COLORED THUMB CORP. and
MICHAEL ROSEN,

    Defendants.

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
BY PLAINTIFF THE KEITH HARING FOUNDATION, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff The Keith Haring Foundation, Inc. (the "Haring Foundation") requests that Defendants Colored Thumb Corp. and Michael Rosen produce for inspection and copying at the offices of Proskauer Rose LLP, 2255 Glades Road, Suite 421 Atrium, Boca Raton, Florida 33431 within thirty (30) days of the date hereof, all of the documents in its possession, custody, or control specified in the Document Requests (the "Requests") set forth below.

**DEFINITIONS AND INSTRUCTIONS**

The Haring Foundation hereby incorporates by reference the definitions and instructions set forth in the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of Florida. The following additional and/or more specific definitions and instructions are also to be used in responding to these Requests:

    1.    The terms "Colored Thumb Corp.," "Michael Rosen," "Defendants," "you," and "your" means, collectively and individually, Defendants Colored Thumb Corp and Michael

Rosen and any predecessor in interest, successor, or other related business entity thereof, and the predecessors of any of them, and any officer, director, employee, agent, attorney, or other person or entity acting or purporting to act on their behalf, or in concert or under their control.

2. The terms "Keith Haring Foundation" and "Plaintiff" mean Plaintiff The Keith Haring Foundation and any parent, subsidiary, affiliate, member, successor, predecessor in interest, or other related business entity thereof, and the predecessors of any of them.

3. The term "Haring Miami" means the art show "Haring Miami: A Celebration of the Life and Art of Keith Haring" that took place in Miami, Florida from March 6 through March 10, 2013.

4. The term "document" includes writings of any type, all other data compilations from which information can be obtained, all Communications (as that term is defined in the following Definition), and any other means of preserving thoughts or expression, however produced or reproduced, including but not limited to e-mails authored from electronic or digital media, films, videotapes, and other recordings of events. Requested documents means originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the possession, custody, or control of Defendants, or in the possession, custody, or control of Defendants' agents, representatives, employers, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations. Requested documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of various specific items as included within the definition of the word "document" may not be taken to limit the generality of this word, and the Requests herein

are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of the word.

5. "Communication" means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications. A communication is responsive for purposes of these Requests regardless of the sender and recipients of the Communication, and responsive Communications include Communications between (a) only Defendants' employees, (b) Defendants' employees and third-parties, (c) only third-parties, or (d) any other combination of personnel.

6. The term "concerning" means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, reflecting, and/or summarizing. When a Request asks you to produce documents "concerning" an issue, you must produce not only documents that support such issue but also documents that potentially negate such issue.

7. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests.

8. The terms "and" and "or" shall be construed both disjunctively and conjunctively as necessary to bring within the scope of these Requests responses and documents that otherwise might be construed to be outside the scope.

9. The use of the singular form of any word includes the plural and vice-versa, and use of the masculine pronoun will be deemed to include both genders, as necessary, to bring

3

within the scope of these Requests all documents and responses that might otherwise be construed to be outside their scope.

10. "Including" shall mean including but not limited to.

11. These Requests cover all documents wherever located that are subject to production under the Federal Rules of Civil Procedure and/or the Local Civil Rules of the United States District Court for the Southern District of Florida, including all documents in Defendants' possession, custody, or control, and all documents that are otherwise obtainable by Defendants. In responding to these Requests, Defendants are required to furnish all information that is available to Defendants, including information in the possession, custody, or control of Defendants' attorneys, accountants, agents, employees, representatives, advertising agencies, advertising consultants, and any other persons directly or indirectly employed by or connected with Defendants or Defendants' attorneys or anyone else subject to Defendants' control.

12. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the documents produced are to be produced as they are kept in the ordinary course of business or are to be organized and labeled to correspond to the specific Request to which they are responsive. The integrity and internal sequence of the requested documents within each folder are not to be disturbed. Under no circumstances are documents from any file folder to be commingled with documents from any other file folder.

13. If documents being produced are hard copy documents, rather than making another hard copy, Defendants should scan the documents in TIFF format with Optical Character Recognition ("OCR") along with a Relativity database load file containing fields populated with the following: the beginning bates number of each document [BEGBATES field]; the ending

bates number of each document [ENDBATES field]; the number of pages of each document/record [PAGECOUNT field]; and the extracted OCR text [TEXT field].

14. With respect to documents that are already in electronic/digital form, or exist in or can be retrieved electronically, such documents should be converted into a TIFF file with bates numbers, along with a link to the native, electronic file, and ensure the metadata from the original/native electronic file has been suitably transferred into a load file that can be loaded onto a Relativity database load file.

15. If you object to furnishing documents in response to any Request or part or portion thereof, you should specifically state the basis of such objection and furnish all requested documents to which the objection does not apply.

16. If any documents covered hereunder are withheld from production on the ground of privilege, or on a ground other than privilege, Defendants shall furnish a list of all such documents that includes (a) the date and number of pages of the document; (b) its title (if any); (c) its subject matter; (d) the identity of each attachment or appendices to the document; (e) the name and identification of each person to whom it is addressed; (f) the name and identification of each person who received a copy thereof; (g) the name and identification of each person to whom the document was distributed, shown, or explained; (h) the name and identification of the person or persons by whom it is written; (i) its present custodian; and (j) the ground or grounds upon which it is being withheld.

17. Each Request should be quoted in full immediately preceding your response.

18. These Requests will be deemed continuing and require immediate further supplemental production if Defendants receives, discovers, or generates additional documents after responding to these Requests. If any such additional documents or any portion of such

documents are withheld from production upon a claim of privilege or for any other reason, Defendants must promptly serve a written identification of each such document or portion of such document, setting forth the information described in Instruction No. 16.

19. The time period covered by these Requests is from January 1, 2012, through the date of production, unless otherwise specified.

20. If there are no documents responsive to any particular request, you must indicate in writing.

21. If any documents responsive to the Requests have been lost, destroyed, transferred voluntarily or involuntarily to others not subject to Defendants' control, or otherwise disposed of, or if any documents responsive to the Requests exist but are not available, furnish a list identifying each such document, and set forth the following information with respect to each document: its date, author(s), sender(s), addressee(s) and recipient(s), and the subject matter of the document. In each instance, explain the circumstances surrounding each disposition or why such document is unavailable, including, in the event of such a disposition, the authorization therefor and the date thereof.

22. If a document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

## DOCUMENT REQUESTS

1. All documents concerning the artwork solicited, offered or considered for exhibition or exhibited at Haring Miami.

2. All communications between Defendants and the source(s) or owner(s) of artwork solicited, offered or considered for exhibition or exhibited at Haring Miami, including their agents, lawyers or representatives.

3. All communications between Defendants and members of the host committee for Haring Miami or their agents, lawyers or representatives concerning Haring Miami.

4. All communications between Defendants and potential members of the host committee for Haring Miami or their agents, lawyers or representatives concerning Haring Miami.

5. All communications between Defendants and sponsors of Haring Miami or their agents, lawyers or representatives concerning Haring Miami.

6. All communications between Defendants and potential sponsors of Haring Miami or their agents, lawyers or representatives concerning Haring Miami.

7. All documents identifying the artwork exhibited at Haring Miami, including but not limited to the catalogue(s) from the Haring Miami exhibition.

8. All documents concerning the authenticity of any artwork solicited, offered or considered for exhibition or exhibited at Haring Miami.

9. All documents identifying the source(s) or owner(s) of any artwork solicited, offered or considered for exhibition or exhibited at Haring Miami.

10. All articles, press releases, advertisements or announcements concerning Haring Miami, including but not limited to material on the website for the event.

11. All documents reflecting revenues generated from Haring Miami.

12. All documents reflecting expenses paid or to be paid for Haring Miami.

13. All documents reflecting profits generated from Haring Miami.

14. All documents reflecting charitable contributions made as a result of Haring Miami.

15. All documents relating to any insurance purchased or sought for Haring Miami, including all representations made to any insurance company or broker and all documents provided to any insurance company or broker.

16. All documents identified in Defendants' initial disclosures.

17. All documents identified in response to Plaintiff's interrogatories in this litigation.

18. Copies of all presentations concerning Haring Miami that were made or intended to be made by Defendants to potential sponsors, advertisers, customers, marketers, or any other third party, regardless of whether such presentations actually were given.

19. All photographs of Haring Miami.

20. All e-mail lists or sign-in books collected at Haring Miami.

21. All documents accompanying the artwork when the artwork was delivered for exhibition at Haring Miami.

22. All documents concerning the return of the artwork exhibited at Haring Miami.

23. All documents relating to sales, offering for sale, attempted sales, sales inquiries, or the offering of sale of the artwork exhibited at Haring Miami.

24. All documents concerning solicitation of artwork for exhibition at Haring Miami.

25. All documents concerning the selection of artwork for exhibition at Haring Miami.

26. All documents concerning appraisals of the artwork exhibited at Haring Miami.

27. All communications with Plaintiff regarding Haring Miami.

28. All documents transmitting or discussing communications with Plaintiff with another person or entity.

29. All contracts (including drafts) with respect to artwork exhibited at Haring Miami.

30. All documents concerning the transportation of the artwork exhibited at Haring Miami.

31. All documents concerning installation of the artwork for exhibition at Haring Miami.

32. All documents concerning maintenance of the artwork exhibited at Haring Miami.

33. Communications among or between you and Lisa Cubisino, Liz Bilinski, or Stephen Weingrad, Esq. relating to Haring Miami, including notes of any such communications.

34. Documents concerning Lisa Cubisino, Liz Bilinski, or Stephen Weingrad, Esq. relating to Haring Miami.

35. All documents concerning insurance coverage for the artwork exhibited at Haring Miami.

36. All of your telephone records (including cellular or mobile phone records) relating to Haring Miami.

37. All documents concerning the artwork at Haring Miami being made available for sale, including but not limited to documents showing who set the price, how the price was set, and any arrangements for payment.

38. All documents concerning whether any money was paid or other consideration provided (including, but not limited to, a portion of the ticket price) to any of the sources, owners or lenders of the artwork exhibited at Haring Miami.

39. All documents and communications concerning Haring Miami.

40. All communications concerning this lawsuit.

41. All documents concerning Stephen Gamson relating to Haring Miami.

42. All documents concerning Joyce Varvatos relating to Haring Miami.

43. All documents concerning beneficiaries of the profits or revenues generated at Haring Miami, including any agents, attorneys, or representatives acting on their respective behalves.

44. All documents concerning exhibition venues and potential exhibition venues for Haring Miami.

45. All documents concerning fractional owners of artworks exhibited at Haring Miami, including any agents, attorneys, or representatives acting on their respective behalves.

46. All documents concerning Haring Miami honorees or potential honorees, including any agents, attorneys, or representatives acting on their respective behalves.

Date: June 5, 2013

**PROSKAUER ROSE LLP**
*Attorneys for Plaintiff*
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone: (561) 241-7400
Facsimile: (561) 241-7145

_____
Matthew Triggs
Florida Bar No. 865745
Email: mtriggs@proskauer.com
Andrew B. Thomson
Florida Bar No. 057672
athomson@proskauer.com

> \- and -
>
> Sarah S. Gold
> (admitted *pro hac vice*)
> Margaret A. Dale
> (admitted *pro hac vice*)
> **PROSKAUER ROSE LLP**
> Eleven Times Square
> New York, NY 10036
> Telephone: (212) 969-3000
> Facsimile: (212) 969-2900

## CERTIFICATE OF SERVICE

I hereby certify that, on June __5__, 2013, a copy of the foregoing was served by facsimile and U.S. Mail on the following.

**Robert J. Borrello, Esq.**
**Herman J. Russomanno, III, Esq.**
RUSSOMANNO & BORRELLO, P.A.
Museum Tower, Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103
*Attorneys for Defendants*

_____
Andrew Thomson