# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| The Keith Haring Foundation, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>Colored Thumb Corp., and<br>Michael Rosen,<br><br>Defendant. | CIVIL ACTION FILE NUMBER:<br><br>13-CV-20830-MGC |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendants Colored Thumb Corp. and Michael Rosen ("Defendants") hereby respond to Request Nos. 1-46 subject to Plaintiff's First Request for Production of Documents as follows:[1]

1. Defendants object to this request because it is overbroad, calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

2. Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-

---

[1] Plaintiff agreed to allow Defendants until July 22, 2013 to respond to this written discovery.

1

privileged and responsive documents that are in Defendants' possession.

3-4.    None.

5.    Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.

6.    Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, none.

7.    Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

8.    Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

9. Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

10. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

11. Defendants object to this request because it is burdensome and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

12. Defendants object to this request because it is burdensome and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

13. Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, none.

14. Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

15. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

16. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

17. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

18. Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

19. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

20. Defendants object to this request because it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.

21-22. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

23. None.

24-26. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

27. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

28. Defendants object to this request because it is vague. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

29-32. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

33-35. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

36. Defendants object to this request because it is burdensome and calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

37-38. None.

39-40. Defendants object to these requests because they are overbroad, burdensome, call for the production of attorney-client communications, call for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and call for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

41-42. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

43. Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, none as to profits and subject to the parties' entry of a

Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession pertaining to revenues.

44. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

45. Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession pertaining to revenues.

46. None.

Dated: July 22, 2013           Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Counsel for Defendants*
Museum Tower, Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno III
    Herman J. Russomanno (Fla. Bar No. 240346)
    hrussomanno@russomanno.com
    Herman J. Russomanno III (Fla. Bar No. 21249)
    herman2@russomanno.com

## CERTIFICATE OF SERVICE

On July 22, 2013 I served the foregoing to Plaintiff's counsel via email.

/s/  Herman J. Russomanno III