IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| The Keith Haring Foundation, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>Colored Thumb Corp., and<br>Michael Rosen,<br><br>Defendant. | CIVIL ACTION FILE NUMBER:<br><br>13-CV-20830-MGC |

### DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM PLAINTIFF AND TO COMPEL DEPOSITION OF THE KEITH HARING FOUNDATION, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

Defendants COLORED THUMB CORP., and MICHAEL ROSEN, move under Rule 37 of the Federal Rules of Civil Procedure and to Compel Production of Documents and to Compel Deposition of The Keith Haring Foundation, Inc., Pursuant to Federal Rule of Civil Procedure 30(b)(6) and states:

1. Defendants served a First Request for Production to Plaintiff, The Keith Haring Foundation on July 26, 2013, attached as **Exhibit A** hereto.

2. Pursuant to Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff was required to serve a response in writing within 30 days of being served, unless some other time was established by stipulation or Court Order.

3. Defendants' prior counsel, Herman Rossomanno, Esq., granted Plaintiff an extension to provide responses to the production request in order to give Plaintiff the opportunity to review Defendants' responses to Plaintiff, The Keith Haring Foundations's First Request for Production

1

to Defendants to be followed by the Defendant, Michel Rosen's Deposition; at which time the Plaintiff would consider whether they wished to proceed with the case, settle with the Defendant or to seek joinder of additional Defendants. Both Plaintiff and Defendants reserved the right to add parties to this case.

4. Defendants served responses to Plaintiff's First Request for Production on July 22, 2013, Supplemental Responses on August 14, 2013, Supplemental Response on September 3, 2013 and additional Supplemental Responses on September 20, 2013 (attached as **Exhibit "B"**).

5. The Plaintiff scheduled the Deposition of Michael Rosen for October 22, 2013 (**Exhibit "C"**) and confirmed the Deposition on October 10, 2013. The very next day, Plaintiff cancelled the Deposition and filed a Motion to Override Objections and to Compel Production of Documents, regarding the two (2) objections asserted by the Defendants. [1]

6. This Court's Scheduling Order pursuant to Local Rule 16.1(b) and the Joint Scheduling Report and Discovery Plan by the parties, as approved and adopted by the Court, sets scheduling deadlines for the joinder of parties and amendment of pleadings by December 20, 2013 and completion of fact discovery by March 21, 2014.

7. On September 12, 2013 and on October 14, 2013, Defendants attempted to schedule the Deposition of Plaintiff, The Keith Haring Foundation's Corporate Representative pursuant to Rule 30(b)(6). On multiple occasions dates have been offered. The Plaintiff has refused to

---

[1] Only two (2) objections are pending, the first involves "provenance" or proof the artwork exhibited at the Haring Miami Show was authentic, which provenance belongs to the owners of the artwork to wit: Liz Belinski and her group Panama Jack. The second objection and Motion for Protective Order is as to e-mail lists or sign-in books containing the identity and addresses of attendees at the Haring Miami Show. Such lists are irrelevant to the pending matter and will not lead to any admissible evidence. Defendants have pending their Response to the Motion to Compel and Motion for Protective Order. Defendants in the past and on the night after an Agreed Order was entered taking down the artwork, conducted an extensive defamatory campaign against the Defendants and Defendants fear that with such data, Plaintiff will do further commercial damage to the Defendants. The documents are believed protected commercial trade information.

2

respond or confirm their availability. Plaintiff's counsel Andrew Thomson, Esq., has advised verbally Depositions of Plaintiff will not be permitted until Plaintiff has "concluded" Defendant Michael Rosen's Deposition (**Exhibit "D"**).

8. In Plaintiff's counsel's view, Defendants are prohibited from obtaining any discovery whatsoever in this case and denied the opportunity to conduct the Deposition of the Plaintiff's Corporate Representative on the key issue, which is the authenticity of the artwork. If the Plaintiff continues to deny Defendants any reasonable discovery, there can be little hope or expectation that the Defendants can fully comply with the deadlines of December 20, 2013 for adding parties or the March 21, 2014 deadline for completion of fact discovery.

9. Discovery prior to the deadlines are necessary. Defendants have advised Plaintiff of the intent to assert a counter-claim based on Defendant's defamatory campaign. There are factual issues and disputes regarding multiple issues of Plaintiff's claims. Most importantly Defendants believe there are no damages or only nominal damages, as the Defendants in order to minimize any potential damage, voluntarily took down the exhibit removing any disputed artwork immediately. No profit were made. No sale of artwork was contemplated or made.

10. The agreement to extend the time for the Plaintiff to comply with and respond to the First Request for Production was not without limits. Such extension did not prohibit or even mention in any way Plaintiff's ability to avail itself to additional discovery methods, including the Deposition of Plaintiff's Corporate Representative pursuant to Federal Rule of Civil Procedure 30(b)(6) or third party discovery.

11. Defendants must have the Plaintiff's discovery responses and an opportunity to schedule depositions to determine the appropriateness of filing a Courter-claim and to consider

3

adding parties and appropriate joinder of third parties.

12. It was never intended nor anticipated that the Plaintiff would utilize the extension of time to respond to a First Request for Production in a manner that would prejudice Defendants' ability to assert counter-claims, add third parties or otherwise defend the Complaint.

13. While counsel agreed upon a discovery plan, and it is acknowledged an extension of time to respond to the Request for Production was granted, it was never intended nor anticipated that the Plaintiff would utilize the extension with the discovery plan to prejudice Defendants' ability to defend this case.

14. This case involves a David and Goliath predicament for Defendants as to this Plaintiff. The Keith Haring Foundation is seized with millions, if not hundreds of millions of dollars of assets and income. Defendant Michael Rosen, is a self-employed, single individual and the sole employee of a small corporation with no real assets.

15. Preventing all discovery in this case, as Plaintiff is doing, is just a dangerous as failing to provide required discovery. Plaintiff's refusal to provide any discovery responses or cooperate with the scheduling of depositions is in bad faith. The excessive resistance by the Plaintiff, will unjustifiably prevent or delay Defendants from proceeding with their case and defending against the Plaintiff's case and such heavy handed tactics should be prohibited by the Court and are sanctionable pursuant to Federal Rule of Civil Procedure 37(b)(2)(B).

16. The Plaintiff's refusal to identify a Rule 30(b)(6) witness violates the applicable Federal Rule of Civil Procedure. Refusing to agree upon dates for Deposition also violates the same Rules.

## CONCLUSION

17. For the reasons set forth above, Defendants respectfully move this Court to compel the Plaintiff to:

a) Respond in full to the First Request for Production served upon The Keith Haring Foundation on July 26, 2013 by a set date and no later than November 15, 2013;

b) For an Order requiring the Plaintiff to provide deposition dates and to produce its corporate representatives pursuant to Rule 30(b)(6) no later than the end of November 2013;

c) If necessary, for extension of the scheduling dates of December 20, 2013 and March 21, 2014;

d) Awarding Defendants reasonable expenses in bringing this Motion.

## CERTIFICATE PURSUANT TO S.D. FLA.L.R. 7.1.A.3

Defendants' counsel hereby certifies that, September 12, 2013 and on October 14, 2013, he conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein but that the parties have been unable to do so.

Date: October 15, 2013

Respectfully submitted,

Law Offices of Scott Margules, P.A.
Attorney for Defendants
20801 Biscayne Blvd., Suite 303
Aventura, FL 33180
Telephone: (305) 933-8933
Facsimile: (305) 933-0334

*/s/ Scott Margules*
Florida Bar No. 368326
scott@marguleslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Scott Margules*
Scott Margules