IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| The Keith Haring Foundation, Inc.<br><br>  Plaintiffs,<br><br>  v.<br><br>Colored Thumb Corp., and<br>Michael Rosen,<br><br>  Defendant. | CIVIL ACTION FILE NUMBER:<br><br>13-CV-20830-MGC |

### DEFENDANTS' RESPONSE TO MOTION TO OVERRULE OBJECTIONS AND COMPEL THE PRODUCTION OF DOCUMENTS

### AND

### MOTION FOR PROTECTIVER ORDER

  Defendants COLORED THUMB CORP., and MICHAEL ROSEN, respond to Plaintiff's Motion to Overrule Objections and Compel the Production of Documents and moves for Protective Order and states:

  1. The Defendants have made a good faith response to the First Request for Production Served by the Plaintiff's The Keith Haring Foundation.

  2. Plaintiff's Request includes 46 separately numbered paragraphs. Documents responsive to forty-four of the forty-six numbered requests were produced in part by Defendants' previous counsel Herman Rossomanno, Esq., on July 22, 2013 and by undersigned counsel supplemental responses were served on September 3, 2013 and on September 20, 2013 (**Composite Exhibit "A"**). Such production was made with agreed upon extensions.

1

3. Defendants filed two (2) objections:

   - <u>Request No. 8:</u>

     All documents concerning the authenticity of any artwork solicited, offered or considered for exhibition or exhibited at Haring Miami.

   - <u>Request No. 20:</u>

     All e-mail lists or sign-in books collected at Haring Miami.

4. As to Request No. 8, Defendants' attorney Russomanno objected as follows:

   *"Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information. Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non privileged and responsive documents that are in Defendants' possession."*

   In the September 20, 2013 Supplemental Response, undersigned counsel added:

   *"... we have not been able to secure Ms. Balinski's consent. Ms. Balinski maintains that the documents were provided in confidence to Mr. Russomanno. Frankly, the amount of provenance Liz provided to Herman is minute compared to what we have been told she maintains elsewhere. You would be better served to subpoena her entire collection of provenance from Liz directly."*

5. Whether the documents provided by Liz Bilinski are protected by the attorney/client privilege or some other confidentiality is an issue for Liz Belinski and not for the Defendants Michael Rosen or Colored Thumb. Herman Russomanno, Esq., believed he was prohibited from providing the documentation due to Liz Bilinski's objection and refusal to give consent (**Composite Exhibit "B"**) for them to be produced and the undersigned as successor counsel, received such documents from Herman Russomanno, Esq.,

6. Undersigned also received an e-mail communication from an attorney Brian Kerr, Esq., at Brower Piven, New York (**Composite Exhibit "B"**), further explaining Liz Bilinski's objection and maintaining that the documents should not be produced.

7. The basis for any objection, legitimate or otherwise, should be taken up directly with the entity who owns the documents and from whom they were entrusted to Defendants' counsel i.e. Liz Bilinski. The Keith Haring Foundation is well aware of Liz Bilinski and her group's ownership of the artwork and if they want the provenance they should address the Motion directly to Liz Bilinski.

8. As to the second objection, Defendants move for a protective Order of its "E-mail list and sign-in books". Plaintiff seeks to obtain all e-mail lists or sign-in books collected at Haring Miami, which basically means a complete list of customers or attendees at the Haring Miami Show. Such lists have nothing to do with the lawsuit, substantive allegations or damages in this case.

9. Such documents, however, are capable of great misuse by the Plaintiff to further damage the Defendants. The List includes proprietary customer based information protected trade secrets pursuant to Florida Statute 90.506.

10. Pursuant to Florida law, the purpose underlying for protection of the trade secrets privileges, prohibits a party to a suit from obtaining valuable information that could be used to its own advantage or forcing a witness to testify about such issues. <u>Auto Owners Ins. Co. v. Totaltape, Inc.</u>, 135 F.R.D. 199 (Middle District of Florida 1990). <u>Centurian Industries, Inc., vs. Wasser Steuver and Assoc.</u>, 665 F.2d 323 (10th Circuit 1981).

11. Florida Statute §688.002 defines trade secrets as:

"Trade secret means information, including a formula, pattern, compilation, program, device, method, technique or process that:

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

12. Florida Statute §90.506, states in pertinent part:

A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee.

13. Under Florida law, active customer lists are not subject to discovery unless they are pertinent and material to a specific claim. In *Royal Bahamian Assn, Inc., v. QBE Ins. Corp., 268 F.R.D. 692 (Southern District of Florida 2010)*, list of clients from whom services were performed were not subject to disclosure in an action involving a coverage dispute, where such confidential business information was not relevant to the primary issues in the actions, that is coverage, and the amount if any, owed by an insured under its insurance contract. For similar reasons a protective order should be granted as to the e-mails list and sign-in books as such documents have no immediate relation to or are not likely to lead to relevant evidence on the primary issues of this case.

14. For Plaintiff to prevail in this case, with the exception of Count VI, "Cyber Squatting", Plaintiff must prove that the works of art displayed at the Haring Show "do not

4

originate with Keith Haring".

15. Whether Plaintiff agrees with that statement of the law or not, e-mail list or sign-in books showing how the Defendants promoted its show and/or who attended the show, have no or extremely limited probative value in this case. Whatever limited value the documents may have is outweighed by the prejudice or potential harm to the Defendants.

16. Information contained within the e-mails lists or sign-in books are business/customer identities and cannot be argued that same is reasonably likely to lead to the discovery of any relevant evidence.

17. Following the Haring Miami Show, Plaintiff The Keith Haring Foundation, began a course of conduct designed to commercially injure and harm the Defendants. By way of example, attached hereto are copies of e-mails, twitter posts and other which were sent out by Keith Haring Foundation or its agents, alleging "hundreds of fake works removed by Court Order" and the potential damage that Plaintiff can do with the e-mail list of Defendants' customers and the relevant commercial data showing how Defendants promote their shows, is subject to misuse and can cause severe commercial damage to the Defendants, which this Court has the ability to protect in granting the protective order or sustaining the objection (**Exhibit "C"**).

18. The Court must weigh the importance of protecting Colored Thumb's client lists and method of promotion against the interest in facilitating the Trial and promoting a just end to the litigation.

19. The owners of the artwork by Liz Bilinski and her group, maintained to the Defendants when it provided the works of art, that all of the art was legitimate, real and authored

and/or created by Keith Haring. The fact that the Keith Haring Foundation no longer authenticates artwork and/or the manner in which they refused to authenticate some of the works of arts displayed at the show, which they now claim are fakes, forgeries or non-authentic, are questions of fact for the Trial of this matter.

20. If the requested information is given to the Plaintiff and they continue to use the information to harm the Defendants, as they have shown the willingness to do, the Court has the discretion to withhold the documents until it can be shown that they are relevant to the ultimate outcome of the case or in some way assist the Plaintiff in the prosecution or presentation of the claims, against the potential prejudice or harm to the Defendants.

21. For the reasons stated herein, it is best that the Court enter an Order:

- Granting protection of the Defendants producing any documents responsive to Request for Production No. 20;

- Requiring that the Plaintiff seeks to compel provenance documents directly from Liz Bilinski;

- Granting the privilege or a protective order sought by the Defendants as to the e-mail list and sign-in books;

- Awarding Defendants its reasonable expenses incurred in bringing this Motion; and

- For such other and further relief this Court deems just and proper under the circumstances.

## CERTIFICATE PURSUANT TO S.D. FLA.L.R. 7.1.A.3

Defendants' counsel hereby certifies that, on October 14, 2013, he conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised herein but that the parties have been unable to do so.

Date: October 28, 2013

Respectfully submitted,

Law Offices of Scott Margules, P.A.
Attorney for Defendants
20801 Biscayne Blvd., Suite 303
Aventura, FL 33180
Telephone: (305) 933-8933
Facsimile: (305) 933-0334

/s/ Scott Margules
Florida Bar No. 368326
scott@marguleslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Scott Margules
Scott Margules