# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

The Keith Haring Foundation, Inc.

Plaintiffs,

v.

Colored Thumb Corp., and
Michael Rosen,

Defendant.

CIVIL ACTION FILE NUMBER:

13-CV-20830-MGC

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendants Colored Thumb Corp. and Michael Rosen ("Defendants") hereby respond to Request Nos. 1-46 subject to Plaintiff's First Request for Production of Documents as follows:[1]

1.      Defendants object to this request because it is overbroad, calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

2.      Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-

---

[1] Plaintiff agreed to allow Defendants until July 22, 2013 to respond to this written discovery.

1

privileged and responsive documents that are in Defendants' possession.

      3-4.    None.

      5.    Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.

      6.    Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, none.

      7.    Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

      8.    Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

9.      Defendants object to this request because it calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

10.      Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

11.      Defendants object to this request because it is burdensome and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

12.      Defendants object to this request because it is burdensome and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

13.      Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, none.

14.      Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

15.      Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

16.      Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

17.      Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

18.      Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

19.      Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

20.     Defendants object to this request because it calls for the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.

21-22. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

23.     None.

24-26. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

27.     Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

28.     Defendants object to this request because it is vague.   Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

29-32. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

33-35. Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

36.    Defendants object to this request because it is burdensome and calls for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

37-38. None.

39-40. Defendants object to these requests because they are overbroad, burdensome, call for the production of attorney-client communications, call for the production of certain documents that are not reasonably calculated to lead to the discovery of admissible evidence, and call for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

41-42.   Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

43.    Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, none as to profits and subject to the parties' entry of a

6

Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession pertaining to revenues.

44.     Subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession.

45.     Defendants object to this request because it calls for the production/disclosure of confidential commercial, proprietary, trade secret, and/or financial information.  Without waiving the aforementioned objections, and subject to the parties' entry of a Confidentiality Agreement as to the documents, Defendants will produce all non-privileged and responsive documents that are in Defendants' possession pertaining to revenues.

46.     None.

Dated: July 22, 2013                     Respectfully submitted,

                                         RUSSOMANNO & BORRELLO, P.A.
                                         *Counsel for Defendants*
                                         Museum Tower, Penthouse 2800
                                         150 West Flagler Street
                                         Miami, Florida 33130
                                         Telephone: (305) 373-2101
                                         Facsimile: (305) 373-2103

                                         By: /s/ Herman J. Russomanno III
                                                 Herman J. Russomanno (Fla. Bar No. 240346)
                                                 hrussomanno@russomanno.com
                                                 Herman J. Russomanno III (Fla. Bar No. 21249)
                                                 herman2@russomanno.com

## CERTIFICATE OF SERVICE

On July 22, 2013 I served the foregoing to Plaintiff's counsel via email.

                                         /s/  Herman J. Russomanno III

7

| | |
|---|---|
| **Subject** | **FW: Haring v. Colored Thumb** |
| **Sender** | Herman J. Russomanno III <herman2@russomanno.com> |
| **Recipient** | <scott@marguleslaw.com>, 'Michael' <coloredthumb@gmail.com> |
| **Date** | 14.08.2013 15:45 |



roundcube
Free webmail for the masses

- DEFENDANTS-000516-000525.pdf (857 KB)

FYI - attached are the additional documents which were provided to defense
counsel today.

Herman J. Russomanno III, Esq.

RUSSOMANNO & BORRELLO, P.A.

Museum Tower - Penthouse 2800

150 West Flagler Street

Miami, Florida 33130

(Phone) 305-373-2101

(Fax) 305-373-2103

(Email) herman2@russomanno.com

(Website) www.russomanno.com

From: Herman J. Russomanno III [mailto:herman2@russomanno.com]
Sent: Wednesday, August 14, 2013 3:36 PM
To: 'Gold, Sarah S.'; 'Thomson, Andrew B.'
Cc: 'Herman J. Russomanno'; 'Robert Borrello'
Subject: Haring v. Colored Thumb

Dear Sarah and Andrew - attached are additional Defendant documents in
response to Plaintiff's First Request for Production.

Herman J. Russomanno III, Esq.

RUSSOMANNO & BORRELLO, P.A.

Museum Tower - Penthouse 2800

150 West Flagler Street

Miami, Florida 33130

(Phone) 305-373-2101

(Fax) 305-373-2103

(Email) herman2@russomanno.com

(Website) www.russomanno.com

LAW OFFICES OF

# SCOTT MARGULES, P.A.

AVENTURA CORPORATE CENTER, SUITE 303
20801 BISCAYNE BOULEVARD
AVENTURA, FLORIDA 33180

TELEPHONE: 305-933-8933
FACSIMILE:  305-933-0334
EMAIL:scott@marguleslaw.com

September 3, 2013

Andrew B. Thomson, Esq.
Proskauer Rose LLP
2255 Glades Rd. Suite 421A
Boca Raton, FL 33431

RE:   The Keith Haring Foundation, Inc., v. Colored Thumb and Michael Rosen
      Case No. 13-CV-20830-MGC

Mr. Thomson:

Attached please find CD containing Defendants' additional Response to Request for Production (Bates Numbered 000526-000999).

Please confirm Mr. Russomanno previously produced documents 000001-000525.

We believe that Mr. Rosen's production and discovery requests are now complete. If there are outstanding requests or incomplete production, please advise.

Also, please advise of the date for scheduling Mr. Rosen's deposition during September.

Thank you.

Sincerely,

SCOTT MARGULES, ESQ.
SM/cc

cc:   Michael Rosen (via e-mail)
      Sarah Gold, Esq. (via e-mail)
      Herman J. Russomanno III, Esq. (via e-mail)
Encl.

LAW OFFICES OF

# SCOTT MARGULES, P.A.

AVENTURA CORPORATE CENTER, SUITE 303
20801 BISCAYNE BOULEVARD
AVENTURA, FLORIDA 33180

TELEPHONE: 305- 933-8933
FACSIMILE:  305- 933-0334
EMAIL:scott@marguleslaw.com

September 20, 2013

**SENT VIA E-MAIL AND REGULAR U.S. MAIL**

Andrew B. Thomson, Esq.
Proskauer Rose LLP
2255 Glades Rd. Suite 421A
Boca Raton, FL 33431

RE:   The Keith Haring Foundation, Inc., v. Colored Thumb and Michael Rosen
       Case No. 13-CV-20830-MGC

Andrew:

In response to your letter of September 10, 2013, please find all additional production available to Michael Rosen/Colored Thumb, documents bates stamped 001000 - 001244:

- Defendants 001000-001005 are attachments to Defendants 000044, 000045, 000751, and 000772.
- Defendants 001006 are attachments to Defendants 000062.
- Defendants 001007 - 001008 are attachments to Defendants 000076.
- Defendants 001009-001021 are attachments to Defendants 000082 and 000083.
- Defendants 001022-001023 are attachments to Defendants 000770.
- Defendants 001024-001025 are attachments to Defendants 000809.
- Defendants 001026 are attachments to Defendants 000812.
- Defendants 001027-001032 are attachments to Defendants 000832.
- Defendants 001033-001035 are attachments to Defendants 000833.
- Defendants 001036 are attachments to Defendants 000834, 000835, and 000838.
- Defendants 001037-001038 are attachments to Defendants 000884 and 000835.
- Defendants 001039 are attachments to Defendants 000841.
- Defendants 001040 are attachments to Defendants 000846.
- Defendants 001041-001050 are attachments to Defendants 000851.
- Defendants 001051 are attachments to Defendants 000852.
- Defendants 001052 are attachments to Defendants 000857.
- Defendants 001053-001054 are attachments to Defendants 000883.
- Defendants 001055 are attachments to Defendants 000845.
- Defendants 001056 are attachments to Defendants 000924.
- Defendants 001057-001062 are attachments to Defendants 000927.
- Defendants 001063-001066 are attachments to Defendants 000928.
- Defendants 001067-001068 are attachments to Defendants 000940.
- Defendants 001069-001070 are attachments to Defendants 000941.
- Defendants 001071-001077 are attachments to Defendants 000955.
- Defendants 001078-001079 are attachments to Defendants 000984.

September 20, 2013
Andrew B. Thomson, Esq.
Proskauer Rose LLP
Page 2

- Defendants 001080 are attachments to Defendants 000992.
- Defendants 001081 are attachments to Defendants 000993.

All the attachments to the e-mails previously provided have now been produced.

- As to Defendants 000113, we have not been able to secure Ms. Balinski's consent. Ms. Balinski maintains that the documents were provided in confidence to Mr. Russomanno. Frankly, the amount of provenance Liz provided to Herman is minute compared to what we have been told she maintains elsewhere. You would be better served to subpoena her entire collection of provenance from Liz directly.

- As to Defendants 000115 - there are no other documents to produce.

- Defendants 001082 - 001084 applies to Defendants 000999.

- Defendants 001085 -001090 applies to Defendants 000116 and Defendants 000125 (unredacted). Mr. Russomanno redacted from the e-mails the acknowledgment that they were forwarded to me.

- Defendants 001091 -001107 applies to No. 10 - there is nothing else to produce.

- Defendants 001108 to 001109 applies to No. 11.

- Defendants 001110 is the revised and updated revenue and expense chart. No other documents are responsive to this request.

- As to No. 15, all documents have been produced.

- As to No. 19, no other documents are available to be produced.

- As to No. 20, Defendants maintain their objection. See Response to Plaintiff's First Request for Production dated July 22, 2013.

- As to No. 26, none.

- As to No. 35, none others.

- As to No. 36, no other telephone records are relevant to Haring Miami. The only e-mail in the month of October was an inquiry made during that month by Michael Rosen to David Stark to try to get the ball rolling with the Foundation for a show. I am told there was no response.

- As to No. 41, none.

- As to No. 43, none.

September 20, 2013
Andrew B. Thomson, Esq.
Proskauer Rose LLP
Page 3

- As to No. 46, none.

- Defendants 001111-001244 are duplicates of Defendants 000526-000704 without the cut-offs.

At this time, Michael has now made a thorough and good faith response to all Haring's requests and I need to know by Tuesday, September 24th, whether you intend to take Michael's deposition on October 22, 2013, as scheduled.

Thank you.

Sincerely,

SCOTT MARGULES, ESQ.
SM/cc

cc:    Michael Rosen (via e-mail)
       Sarah Gold, Esq (via e-mail)