UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CIV-20830-COOKE/TURNOFF

THE KEITH HARING FOUNDATION, INC.,

    Plaintiff,

vs.

COLORED THUMB CORP. and
MICHAEL ROSEN,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff THE KEITH HARING FOUNDATION, INC. (the "Haring Foundation") opposes the motion for protective order (D.E. 43) filed by Defendants COLORED THUMB CORP. and MICHAEL ROSEN and states:

**INTRODUCTION**

1. This case involves the "Haring Miami" art show in which the Defendants promoted and displayed counterfeit art purportedly created by Keith Haring, the prominent American artist and social activist. The Haring Foundation, the owner of virtually all intellectual property rights relating to Keith Haring, filed a complaint asserting causes of action for trademark infringement, trademark dilution, copyright infringement, false advertising, cybersquatting, and false designation of origin and sought injunctive and monetary relief.

2. On June 5, 2013, the Haring Foundation served basic document requests related to the Haring Foundation's claims and Defendants' answer and affirmative defenses. These requests sought, among other things, the e-mail lists and sign-in books from the Haring Miami show – documents that will reflect the persons to whom the Defendants marketed Haring Miami

and documents reflecting who attended Haring Miami.

3. Defendants objected to producing the e-mail lists and sign-in books because, according to Defendants, these items are "trade secrets."

4. The Haring Foundation filed a motion to compel the production of these items (D.E. 40) and, in response, Defendants filed the pending motion for protective order.

## ARGUMENT

Plaintiff's motion for protective order argues that the Haring Miami e-mail lists and sign-in books – documents that reflect who received information about and attended Haring Miami – somehow have "nothing to do with the lawsuit, substantive allegations or damages in his case," (D.E. 42 ¶ 8), and further contend that the contents of these lists are "trade secrets."  (D.E. 42 ¶ 9.)

First, as discussed previously,[1] this evidence is highly relevant to Plaintiff's claims and Defendants' affirmative defenses because it will demonstrate, among other things:  (a) the extent of Defendants' promotion of an exhibit of inauthentic artwork that attendees were led to believe was authentic; (b) instances where Defendants improperly used trademarks belonging to Plaintiff in advertising or promoting Haring Miami; (c) the identities of witnesses confused by Defendants' unauthorized and misleading use of Keith Haring's name and artwork; (d) the number of attendees of Haring Miami and their identities, including potential witnesses who were confused into believing that the artwork being exhibited was authentic Haring art; (e) potential witnesses regarding Defendants' repeated allegations that "disclaimers were displayed throughout the exhibition that specifically advised all attendees that there were no guarantees as

---

[1] The full discussion of the relevance of this evidence is set forth in Plaintiff's reply in support of its motion to compel. (See D.E. 46 at 2-3.) Plaintiff hereby incorporates those arguments into this response.

2

to the authenticity of the works" such that "the attendees were aware that the artwork may not have been authentic" (D.E. 33 at 7) (Defendants' Affirmative Defense No. 5); and (f) potential witnesses regarding whether the artwork exhibited was offered for sale or sold. Thus, Defendants' contention that the e-mail lists and sign-in books have "nothing to do with the lawsuit" is entirely without merit.

Second, Defendants' contention that the evidence constitutes "trade secrets" fares no better. The party resisting discovery bears the burden of establishing that the information sought is a trade secret and that its disclosure might be harmful. Centurion Indus., Inc. v. Warren Steurer and Assoc., 665 F.2d 323, 325 (10th Cir. 1981). That a document reveals a trade secret does not, by itself, make the request objectionable. Federal Open Market Comm. of Federal Reserve Sys. v. Merrill, 443 U.S. 340, 362 (1979). Nevertheless, federal courts will sometimes limit the unnecessary disclosure of such information, like when the dispute is between competitors. U.S. v. United Fruit Co., 410 F.2d 553, 556 (5th Cir. 1969); Fed. R. Civ. P. 26(c)(7). But even legitimate trade secrets are required to be produced when necessary for the prosecution of the action. See Centurion, 665 F.2d at 326; Carter Prod., Inc. v. Eversharp, Inc., 360 F.2d 868, 872 (7th Cir. 1966).

Here, Defendants have not met their burden. Defendants offer no evidentiary support – through an affidavit or otherwise – to substantiate their conclusion that the information is a trade secret or proprietary which, by itself, is grounds to deny protection and order discovery. See Gritt v. Target Corp., 2007 WL 3011095, at *4 (M.D. Fla. Oct. 12, 2007) (noting that, in the absence of "an affidavit attesting to facts that establish the [evidence] as a trade secret or highly proprietary information," the Court was unable to determine that the evidence was entitled to protection). That is, Defendants have made no showing of the necessary elements of a trade

secret, namely that the information "derives independent economic value…from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and that the information "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  § 688.002(4), Fla. Stat.  Indeed, Defendants merely quote the statutory language in their motion, (D.E. 42 ¶ 11), but nowhere establish or even allege that the e-mail lists or sign-in books qualify under that standard.

In addition, the Haring Foundation and Defendants are not competitors, nor has it been suggested that they are such that a protective order or other limitation would be appropriate in this situation.  Thus, the Haring Foundation is not seeking this information to obtain a competitive advantage.  Rather, the Haring Foundation seeks this information in order to obtain evidence bearing on its claims and Defendants' affirmative defenses, which is entirely proper. See Freedom Newspapers, Inc. v. Egly, 507 So. 2d 1180, 1184 (Fla. 2d DCA 1987) ("The purpose underlying the trade secrets privilege established by section 90.506 is to prohibit a party to a suit from obtaining valuable information that could be used to its own advantage, relying upon the duty of a witness to answer questions truthfully.  The likelihood of such an abuse of the discovery process is lessened where, as here, the party seeking discovery appears to have no real interest in the business techniques of the witness…").

Defendants' motion makes clear that Defendants' real goal is not to protect the supposed confidential or proprietary nature of the e-mail lists and sign-in books (which is what the trade secret privilege is intended to do), but rather to prevent the Haring Foundation from contacting and interviewing potential witnesses regarding Defendants' misleading and infringing conduct. Defendants, who bear the burden on this point, offer this Court no authority for the proposition that the trade secret privilege can be employed in such a way as to thwart the discovery of

4

relevant witnesses and evidence. That Defendants may suffer "harm" in the eyes of their customers as a result of Defendants' wrongful conduct is not a legitimate reason to enter a protective order.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' motion for protective order and instead order the production of the e-mail lists and sign-in books.

Date: November 14, 2013.　　　　　　　　　　　　Respectfully submitted,

**PROSKAUER ROSE LLP**
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone: (561) 241-7400
Facsimile: (561) 241-7145

*/s/ Andrew Thomson*
Matthew Triggs
Florida Bar No. 865745
mtriggs@proskauer.com
Andrew B. Thomson
Florida Bar No. 057672
athomson@proskauer.com

- and -

Sarah S. Gold
(admitted *pro hac vice*)
Margaret A. Dale
(admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Andrew Thomson*
Andrew B. Thomson

## SERVICE LIST

CASE NO. 13-CIV-20830-COOKE

**Scott Margules, Esq.**
Law Offices of Scott Margules, P.A.
20801 Biscayne Blvd., Suite 303
Aventura, Florida 33180
Telephone: (305) 933-8933
Facsimile: (305) 933-0334
*Via Notice of Electronic Filing*