UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CV-20830-COOKE/TURNOFF

THE KEITH HARING FOUNDATION, INC.,

    Plaintiff,

vs.

COLORED THUMB CORP. and
MICHAEL ROSEN,

    Defendants.
_____/

## **CONFIDENTIALITY ORDER**

**THIS CAUSE** came before the Court upon Plaintiff's Motion to Overrule Objections and Compel the Production of Documents (ECF No. 40), and this Court's Omnibus Order (ECF No. 52), in which this Court ordered that Defendants produce certain documents subject to a confidentiality agreement/order. Upon consideration of the issues and written argument, being advised that the parties are unable to agree to the terms of a confidentiality agreement, and being otherwise duly advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

Defendants' e-mail lists and sign-in books for Haring Miami shall be treated in accordance with the terms and provisions of this Order.

    A.    <u>Scope</u>. Confidential information, in accordance with paragraph B of this Agreement, once produced to a party in this litigation, shall be used solely for purposes of this litigation (including any appeal) and not for any other purpose, and then solely according to the terms, conditions and restrictions of this Agreement. This Agreement applies only to documents that are

designated as confidential in accordance with paragraph B, and does not require production of documents timely objected to on any other grounds.

B.  Designation.

1.  The parties to this Agreement who produce or disclose any document, thing, or information may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY" information. For purposes of this Agreement, "CONFIDENTIAL" information shall mean all information and material which is produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain proprietary or confidential material or information which the designating party desires not to be made public, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty who produces or discloses its own "CONFIDENTIAL" information is not precluded by this Agreement from disclosing or using that "CONFIDENTIAL" information in any manner as it may deem fit. For purposes of this Agreement, "CONFIDENTIAL–ATTORNEYS EYES ONLY" information shall mean all information and material produced for or disclosed to a receiving party, and which a producing party in good faith considers to constitute or to contain trade secrets, proprietary technology, or other confidential research, development, design, financial data, business plans, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which is of a sensitive nature that could cause competitive harm if disclosed to a receiving party, and which has been so designated in good faith by the producing party in the manner set forth hereafter. The party or nonparty who produces or discloses its own "CONFIDENTIAL–ATTORNEYS EYES ONLY" information is not precluded by this Agreement

from disclosing or using that "CONFIDENTIAL–ATTORNEYS EYES ONLY" information in any manner as it may deem fit.

       2.      With respect to documents and other tangible materials, prior to production, the parties and any non-party that wishes to invoke the protections of this Agreement shall stamp or write the words "Confidential" or "Confidential – Attorneys' Eyes Only" on any documents or items that any party claims to contain confidential material and the party may, if it wishes, include any other descriptive term identifying the lawsuit or the party producing the material.

       3.      A party to this Agreement or a witness may designate any portion of a deposition transcript (including exhibits) or videotape as containing "Confidential" or "Confidential-Attorneys' Eyes Only" information by so stating on the record during the deposition or in writing to all parties within 30 days of the receipt of the transcript. If designated during the deposition, the reporter and videographer (if any) shall indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) were so designated; a deposition transcript or videotape containing "Confidential" or "Confidential-Attorneys' Eyes Only" information shall be marked on the cover "Confidential" and/or "Confidential-Attorneys' Eyes Only" and shall indicate as appropriate within the transcript and on the videotape that the information has been so designated. If designated as "Confidential" or "Confidential-Attorneys' Eyes Only" subsequent to the deposition but within 30 days of receipt of the transcript, designated portions of the deposition shall be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to the terms of this Agreement. Nothing in this Stipulation shall prevent an employee of a party or Outside Litigation Counsel (as defined herein) from attending any deposition, except that only persons entitled to receive

"Confidential" or "Confidential-Attorneys' Eyes Only" information shall be present when such information is disclosed at a deposition.

4. To designate any material "Confidential" or "Confidential-Attorneys' Eyes Only," the producing person must have a reasonable good faith belief that the information constitutes a trade secret or other confidential research, development, or commercial information. Any information not designated as "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the procedures set forth herein shall not be covered by this Agreement of Confidentiality.

5. If any party or producing non-party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for reasons shown and for extraordinary grounds.

6. If a party believes that a document designated or sought to be designated "Confidential" or "Confidential-Attorneys' Eyes Only," by the producing party does not warrant such designation, the party shall send a letter to the producing party objecting to the designation and explain the basis for the objection and the parties shall make a good-faith effort to resolve the dispute. In the event that such a dispute cannot be resolved by the parties, the party that wishes to keep the document confidential must file a motion for protective order. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

7. Where materials are produced to any party without being designated confidential, those materials shall not be confidential pursuant to the terms hereof as to any other party.

8. The execution of this Agreement does not prohibit any producing person who objects to the production of documents from objecting to such production on the grounds of

relevance or for any other reason (except that the documents are confidential or proprietary). If documents are redacted, the producing party must promptly serve a redaction log.

    C.     Treatment of Documents.

        1.     Except with the prior consent of the producing party, upon prior order of the Court, or as otherwise required by law through subpoena or lawful process, information from documents or testimony designated "Confidential" shall not be disclosed by any party or any party's counsel to any person other than the following:

           a.     outside counsel for the parties in this litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this litigation (collectively "Outside Litigation Counsel");

           b.     trustees of the Plaintiff, officers, directors, and current employees of each of the parties, including their parents, subsidiaries, and affiliates, and individual defendants, where such disclosure is deemed by Outside Litigation Counsel to be necessary for the prosecution or defense of the claims in this action;

           c.     outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of record for a party, including, but not limited to, accountants, statisticians, economists and other experts, and the employees of such persons (collectively "Outside Litigation Assistants");

           d.     the Court and Court personnel, and court reporters and videographers who are retained to transcribe or videotape any testimony, including deposition testimony, in this action;

    e. any person who wrote or received the document designated "Confidential";

    f. Any person who counsel reasonably believes may have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, discussions, or data reflected in the document; and

    g. persons who were employed by the party producing the document designated "Confidential" at the time when the document was written and who are assisting counsel in the prosecution or defense of this action, where such disclosure is deemed by Outside Litigation Counsel to be necessary for the prosecution or defense of the claims in this action.

    h. photocopy services employed or retained by the receiving party's outside counsel;

    i. data entry or data processing staff who are employed or retained by the receiving party or its outside counsel who are assisting in the development or use of data retrieval systems in connection with this action;

    j. staff of drafting, graphics firms, and jury consultants employed or retained by the receiving party's outside counsel;

    k. mock jurors retained by a party in this action, excluding officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party, provided, however, that each mock juror executes a confidentiality agreement concerning his or her use of the Confidential material.

    2. Except with the prior consent of the producing party, upon prior order of the Court, or as otherwise required by law through subpoena or lawful process, information from

documents or testimony designated "Confidential-Attorneys' Eyes Only" shall not be disclosed to any person other than the following:

    a.    attorneys for the parties in this action, including in-house counsel, and paralegal, secretarial, and clerical personnel assisting such counsel;

    b.    videographers, court reporters and their necessary stenographic and clerical personnel;

    c.    photocopy services employed or retained by the receiving party's outside counsel;

    d.    data entry or data processing staff who are employed or retained by the receiving party or its outside counsel who are assisting in the development or use of data retrieval systems in connection with this action;

    e.    staff of drafting, graphics firms, and jury consultants employed or retained by the receiving party's outside counsel;

    f.    independent outside experts or consultants (an independent outside expert or consultant being a person not employed by a party except to serve as an expert or consultant in this case) together with secretarial, clerical, and support personnel (collectively "the expert support staff") normally employed by such experts or consultants in the course of their activities;

    g.    the Court and its personnel;

    h.    authors or recipients of a document;

    i.    mock jurors retained by a party in this action, excluding officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named

party, provided, however, that each mock juror executes a confidentiality agreement concerning his or her use of the Confidential material.

3. Prior to disclosure to persons designated in paragraphs C1(f) or C2(f) and which persons are not included within any other subsection of paragraphs C1 and C2 above, the person will be advised of this agreement and agree to be bound by its terms by executing a Certificate in the form attached as Exhibit "A" hereto. Counsel who disclosed confidential materials is required to keep and maintain all executed Certification. The recipient of any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" to this Agreement shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use to preserve the confidentiality of such information.

4. In the event that counsel for any party decides to file with or submit to the Court any "Confidential" or "Confidential-Attorneys' Eyes Only" information, the following procedures shall be used:

   a. All information subject to confidential treatment in accordance with the terms of this Agreement that is filed with the court and any pretrial pleading, motions or other papers filed with the Court disclosing any "Confidential" or "Confidential-Attorneys' Eyes Only" information shall be filed under seal and kept under seal until further order of the Court.

   b. The parties agree to refrain, whenever possible, from including "Confidential" or "Confidential-Attorneys' Eyes Only" information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents, and the court's docket sheet reflecting those titles, may remain public.

      c.    All filings to be filed under seal, in whole or in part, must be so designated by the party making the filing. Filings containing "Confidential" or "Confidential-Attorneys' Eyes Only" information may be filed under seal in their entirety. If a filing containing such information is not placed under seal in its entirety, those portions containing "Confidential" or "Confidential-Attorneys' Eyes Only" information must be separated from the pleading and placed in an envelope bearing the caption of this case, the name of the filing, and the legend "Filed Under Seal." The clerk's office shall maintain the filing under seal, pending a ruling from the Court that such filing shall not remain under seal.

      D.    <u>Inadvertent Disclosure</u>. The inadvertent or unintentional disclosure by the producing party of "Confidential" or "Confidential-Attorneys' Eyes Only" information which it believes should have been designated as "Confidential" or "Confidential-Attorneys' Eyes Only" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter. Upon discovery of an inadvertent or unintentional disclosure by the producing party, that party shall promptly notify all recipients of the information of this error, and counsel for the parties shall cooperate and take reasonable steps to restore the confidentiality of the inadvertently disclosed information.

      E.    <u>Compliance</u>. Counsel for the respective parties shall take reasonable steps to obtain compliance with the terms of this Agreement. Reasonable steps shall include advising any party or person who is not an employee or on the staff of the law firm or independent contractors providing services directly to the law firm to whom "Confidential" or "Confidential-Attorneys' Eyes Only" documents are disclosed of the disclosure limitations imposed by this Agreement and obtaining their

verbal consent to be bound by the terms of this Stipulation prior to releasing any materials designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to any such person. Counsel for the parties shall be responsible for maintaining a list of all persons to whom confidential documents are disclosed.

F. <u>Return of Confidential Documents and Other Discovery</u>. Confidential documents and all copies thereof shall be destroyed or returned to the producing party within thirty (30) business days of the conclusion of this lawsuit.

G. <u>Enforcement</u>. This Agreement may be enforced by all appropriate means, including the filing a motion with the Court or the filing of a lawsuit in any appropriate forum. The prevailing party in any motion or lawsuit filed to enforce any of the terms of this Agreement of Confidentiality, shall be entitled to an award of attorneys' fees and costs expended in litigating the particular motion or lawsuit.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20 day of December 2013.

_____
**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Marcia G. Cooke
All counsel of record

## EXHIBIT A
## CERTIFICATION

I, _____, understand that information and/or documents which are disclosed to me, which are designated as "Confidential" are CONFIDENTIAL and to be used by me solely to assist in the matter of The Keith Haring Foundation, Inc. v. Colored Thumb Corp. and Michael Rosen, pending in the United States District Court Southern District of Florida Case No. 13-20830-CIV-COOKE. I further understand that the Confidentiality Agreement, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose other than as delineated in the Confidentiality Agreement or from disclosing such information or documents to any person other than counsel of record or persons assisting them. In accepting disclosure, I agree to be bound by the Confidentiality Agreement.

By: _____

Printed Name: _____

Dated: _____