**EXHIBIT A**

## SETTLEMENT AGREEMENT

THIS AGREEMENT is entered into as of February 20, 2014, by and between The Keith Haring Foundation, Inc. (the "Foundation") on the one hand, and Colored Thumb Corp. ("Colored Thumb") and Michael Rosen ("Rosen") (collectively, "Defendants") on the other hand. The Foundation and Defendants may be referred to herein individually as a "Party" and collectively as the "Parties."

WHEREAS, the Foundation is the successor-in-interest to and owner of virtually all intellectual property rights relating to Keith Haring, the world-famous artist;

WHEREAS, on March 6-10, 2013, Defendants organized and promoted an art exhibit in Miami, Florida entitled Haring Miami ("Haring Miami"), which exhibited artwork purportedly created by Keith Haring;

WHEREAS, prior to Haring Miami, many of the pieces exhibited at Haring Miami had been reviewed by the Foundation and found to be unauthentic;

WHEREAS, a member of the Foundation's Board attended the Haring Miami opening, reviewed all of the art displayed, and opined that all but 10 pieces were fakes and forgeries;

WHEREAS, on March 8, 2013, the Foundation filed an action against Defendants titled *The Keith Haring Foundation, Inc. v. Colored Thumb Corp., et al.*, pending in the United States District Court, Southern District of Florida, Case No. 13-CV-20830-COOKE/TURNOFF (the "Action"), alleging, *inter alia*, copyright infringement, trademark infringement, unfair competition, false designation of origin, and cybersquatting;

WHEREAS Defendants alleged they had no knowledge of the authenticity of the artwork and assert they believed that all of the artwork was authentic, Defendants agreed to remove the

alleged inauthentic art in order to end the conflict with the Foundation and avoid expensive and lengthy litigation.

WHEREAS, on March 8, 2013, a Consent Order was entered by the United States District Court in the Action requiring Defendants to remove all but ten (10) pieces of art from Haring Miami; and

WHEREAS, the Parties now wish to resolve the dispute between them;

NOW, THEREFORE, in consideration of the representations and undertakings set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby severally acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

1. <u>Prohibition on Further Use</u>: Simultaneously with their execution of this Agreement, the parties will move the Court for an order approving the settlement, ordering enforcement of its provisions, and dismissing the action (the "Settlement Order").

2. <u>Press Statement</u>: Defendants agree to issue the press statement attached as Exhibit B regarding the settlement of the Action and the entry of the Settlement Order.

3. <u>Cooperation</u>: Defendants agree to fully cooperate and use best efforts to assist the Foundation in its efforts to stop any further, promotion, or use or any sale of all the works at the Haring Miami exhibition which works the Foundation alleges to be inauthentic.

4. <u>Acknowledgements</u>: Defendants hereby acknowledge the validity and enforceability of the Foundation's copyrights and trademarks (the "Haring IP") as detailed in paragraphs 12 and 13 of the Complaint in the Action, including but not limited to the Foundation's ownership thereof. Defendants further acknowledge that the works that were removed from Haring Miami are alleged by the Foundation to infringe the Haring IP.

Case 1:13-cv-20830-MGC   Document 56-1   Entered on FLSD Docket 02/24/2014   Page 4 of 8

Defendants assert that such infringement was not willful or intentional <u>and they have no reason or intent to oppose the Foundation's claims or to continue with this litigation.</u>

5.  <u>No Admission of Liability</u>: Defendants deny and continue to deny that they have committed any unlawful or wrongful act alleged in the Action. The fact of and provisions contained in this agreement shall not be deemed or constitute a presumption, concession or an admission of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action. Defendants specifically do not admit or deny the authenticity of the art.

6.  <u>Defendants' Covenants:</u> Defendants agree not to (directly or indirectly) (a) advertise, display, sell, or offer for sale any works that are attributed to Keith Haring, (b) use on or in connection with any product or service (or the sale, offering for sale, distribution, advertising, or promotion of any product or service), or use for any commercial purpose whatsoever, the KEITH HARING name (or any name thatis confusingly similar) or any designation of origin or description or representation concerning Keith Haring, and (c) not to directly or indirectly reproduce, adapt, distribute, publicly display, transmit, offer, advertise, market or otherwise exploit, by any means, any product or service, in any form, bearing any reproduction, imitation, or simulation, in whole or in part, of any of Plaintiff's copyrighted works (whether now in existence or hereafter created).

7.  <u>Plaintiff's Covenants</u>: Plaintiff agrees not to publish any press releases or release any social media or public statements which state that the Defendants knowingly or intentionally promoted, displayed or sold works of art that were not genuine Haring artworks.

8.  <u>Releases</u>: Except for those rights, duties, obligations, claims, causes of action, and defenses specifically created by this Agreement and the Final Judgment, the Parties, for themselves and their respective agents, employees, officers, directors, owners, shareholders,

3

0368/34834-003 current/41421533v2                                                    02/20/2014 10:33 am

partners, successors, and assigns, hereby release and forever discharge the other Party and the other Party's respective employees, officers, directors, owners, shareholders, partners, attorneys, successors, and assigns of and from any and all claims, demands, causes of action, controversies, damages, losses, costs, expenses, and all other liabilities whatsoever, both in law and in equity, which either Party now has or ever may have had against the other Party from the beginning of the world to the date of this Agreement, in connection with any and all claims that are the subject of the Action, that concern the allegations contained in the pleadings or papers filed in the Action, or that arise out of or relate to the Action.  For the avoidance of any doubt, this release is not intended to and does not release any direct or indirect owner of the art which was removed from Haring Miami by Consent Order or any agent or representative of any such owner or any person or entity affiliated in any manner with the art.

9. Governing Law: This Agreement and its construction and performance, as well as the rights and obligations of the Parties hereunder, will be governed, construed, and enforced in accordance with the laws of the State of Florida without regard to principles of conflicts of law.

10. Continuing Jurisdiction: The parties agree that the United States District Court, Southern District of Florida will have jurisdiction to enforce the terms of this Agreement and the Settlement Order.

11. Advice of Counsel: The Parties, and each of them, by execution of this Agreement, acknowledge that they have read this Agreement in its entirety; that they have received the advice of legal counsel of their own choosing regarding the form, substance, and effect of this Agreement; that they have executed this Agreement of their own free will and accord.

12. <u>Binding Agreement</u>: This Agreement is binding upon and will inure to the benefit of each of the Parties hereto and their respective employees, officers, directors, owners, shareholders, partners, successors, and assigns. There is no intention for this Agreement to inure to the benefit of any third-party.

13. <u>Entire Agreement</u>: This Agreement constitutes the entire understanding between the Parties with respect to the subject matter hereof and supersedes any and all prior or contemporaneous oral and/or written agreements and discussions between or among them. The Parties hereby acknowledge and agree that there are no conditions, covenants, agreements, or understandings between or among any of them with respect to the subject matter hereof, except as set forth in this Agreement. Only a further writing signed by all Parties may amend this Agreement.

14. <u>Counterparts</u>: This Agreement may be executed simultaneously in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement.

**ACKNOWLEDGED AND AGREED TO BY:**

| THE KEITH HARING FOUNDATION, INC. | COLORED THUMB CORP. |
|---|---|
| */s/ Julia Gruen* | _____ |
| By: Julia Gruen | By: Michael Rosen |
| Title: Executive Director | Title: President |
| | |
| | _____ |
| | MICHAEL ROSEN |

12. <u>Binding Agreement</u>: This Agreement is binding upon and will inure to the benefit of each of the Parties hereto and their respective employees, officers, directors, owners, shareholders, partners, successors, and assigns. There is no intention for this Agreement to inure to the benefit of any third-party.

13. <u>Entire Agreement</u>: This Agreement constitutes the entire understanding between the Parties with respect to the subject matter hereof and supersedes any and all prior or contemporaneous oral and/or written agreements and discussions between or among them. The Parties hereby acknowledge and agree that there are no conditions, covenants, agreements, or understandings between or among any of them with respect to the subject matter hereof, except as set forth in this Agreement. Only a further writing signed by all Parties may amend this Agreement.

14. <u>Counterparts</u>: This Agreement may be executed simultaneously in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement.

**ACKNOWLEDGED AND AGREED TO BY:**

| THE KEITH HARING FOUNDATION, INC. | COLORED THUMB CORP. |
|---|---|
| _____ | _____ |
| By: Julia Gruen | By: Michael Rosen |
| Title: Executive Director | Title: President |
| | _____ |
| | MICHAEL ROSEN |

## PRESS STATEMENT

Michael Rosen, President of Colored Thumb Corp., the producer of Haring Miami, announces a settlement of the lawsuit brought by The Keith Haring Foundation in connection with the March 2013 Haring Miami exhibition in Miami, Florida. The Foundation sued at that time, asserting that almost all the art displayed at Haring Miami was fake and that prior to the exhibition, many pieces had been submitted to the Foundation for authentication and found to be not authentic. Mr. Rosen and Colored Thumb agreed to a consent order requiring the removal from the show of all but 10 pieces of art as well as the destruction of the Haring Miami brochure.

Michael Rosen and Colored Thumb, were not the owners of any of the artwork displayed at the Haring Miami exhibition. Mr. Rosen was assured by the owners of the artwork that it was indeed authentic and was not told by the art's owners, consigners, representatives, agents, or others involved in lending the art that many of the pieces consigned to Colored Thumb for the exhibition had previously been submitted to the Foundation for authentication and found to be not authentic.

In addition, Mr. Rosen has agreed to assist the Foundation in its efforts to stop any sale, or promotion, or use of the works of art.



EXHIBIT B